**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| BRUCE E. FEIN, | No. 10-56502 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-02048-ABC-SS |
| v. | |
| PETER SCOTT KESTERSON; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, Chief District Judge, Presiding

Argued and Submitted February 15, 2012
Pasadena, California

Before: FARRIS and W. FLETCHER, Circuit Judges, and KORMAN, Senior
District Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Edward R. Korman, Senior United States District
Judge for the Eastern District of New York, sitting by designation.

Bruce Fein appeals the district court's grant of Peter Kesterson's motion to strike Fein's defamation suit under California's anti-strategic lawsuits against public participation (anti-SLAPP) law. *See* Cal. Civ. Proc. Code § 425.16(b)(1). We review *de novo* the district court's grant of an anti-SLAPP motion. *Price v. Stossel*, 620 F.3d 992, 999 (9th Cir. 2010). We affirm.

The issue here is narrow. To prevail, Fein must show a probability he can prove by clear and convincing evidence that Kesterson showed reckless disregard for the truth. *Annette F. v. Sharon S.*, 119 Cal. App. 4th 1146, 1167 (Cal. Ct. App. 2004). Fein has not carried this burden. "Reckless disregard" requires a "high degree of awareness . . . of probable falsity." *Id.* (quoting *Garrison v. Louisiana*, 379 U.S. 64, 74 (1964)). Kesterson did not have the necessary suspicion of likely falsity. He relied on several credible newspapers, and his conclusions were a rational interpretation of the articles he read. *See Conroy v. Spitzer*, 70 Cal. App. 4th 1446, 1453 (Cal. Ct. App. 1999); *Time, Inc. v. Pape*, 401 U.S. 279, 290 (1971).

The other evidence in the record does not support a contrary inference strong enough to deny an anti-SLAPP motion. There were no "obvious reasons" for Kesterson to doubt certain of his sources, and even if there were, he confirmed his conclusions by consulting more reliable sources. *See Dodds v. Am. Broad Co.*, 145 F.3d 1053, 1061-63 (9th Cir. 1998). Kesterson's concessions that he was not 100%

2

certain about his conclusions did not equal "a high degree of awareness

of . . . probable falsity." *Annette F.*, 119 Cal. App. 4th at 1167 (quoting *Garrison*,

379 U.S. at 74). Nor did Kesterson's supposed motive to defame Fein. *See Live

Oak Publ'g Co. v. Cohagan*, 234 Cal. App. 3d 1277, 1292 (Cal. Ct. App. 1991).

AFFIRMED. Costs to Kesterson.